81 F.3d 147
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Michael COFFEY, Plaintiff, Appellant,
v.
Ernest WINSKE, Defendant, Appellee. Michael Coffey,
Plaintiff, Appellant,
v.
David WINSKE, Defendant, Appellee.
 Nos. 95-2222, 95-2223.
 United States Court of Appeals, First Circuit.
 April 8, 1996.
 
 John J. Washburn on brief for appellant.
 Dallas W. Haines III on brief for appellee.
 D. Mass.
 AFFIRMED.
 Before TORRUELLA, Chief Judge and STAHL and LYNCH, Circuit Judges.
 
 PER CURIAM
 
 1
 Having reviewed carefully the record in this case, we affirm the order confirming the arbitration award to appellees essentially for the reasons given by the district court in its memorandum and order dated September 15, 1995.[1]
 
 
 2
 Appellant Coffey's contention that the National Future Association [NFA] was without jurisdiction to consider appellees' claims is without merit. Uncontradicted evidence was introduced through sworn affidavits that Coffey, as an associate member of the NFA, agreed to abide by the NFA's Code of Arbitration. That code clearly states that disputes involving commodity futures "shall be arbitrated under this Code."
 
 
 3
 The arbitrators' finding that Coffey was a "salesperson," and hence still subject to claims by those, like appellees, who chose to opt out of an earlier class settlement, was well within the arbitrators' discretion, see, e.g., El Dorado Technical Services v. Union General, 961 F.2d 317, 320 (1st Cir.1992) ("as a general proposition, an arbitrator's factual findings are not open to judicial challenge"), as was their determination that appellees' claims were not time barred under the NFA Code, see United Paperworkers' Int'l Union v. Misco, Inc., 484 U.S. 29, 38 (1987) ("as long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision"); Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1, 24-25 (1983) ("any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay or a like defense to arbitrability").
 
 
 4
 Affirmed. See 1st Cir. Loc. R. 27.1.
 
 
 
 [1]
 Appellees' "motion to adopt previously filed memoranda as brief on appeal" is granted